**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 116431

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Marisol Solis, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Commonwealth Financial System, Inc. and Pendrick Capital Partners, LLC,<br><br>Defendants. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Marisol Solis, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Commonwealth Financial System, Inc. and Pendrick Capital Partners, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff Marisol Solis is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Commonwealth Financial System, Inc., is a Delaware Corporation with a principal place of business in New Castle County, Delaware.

8. On information and belief, Defendant Pendrick Capital Partners, LLC, is a New York Limited Liability Company with a principal place of business in Warren County, New York.

9. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendants allege Plaintiff owes two (2) debts ("the Debts").

12. The Debts were primarily for medical purposes incurred in 2011, and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the Debts, Plaintiff fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendants, the Debts were assigned or otherwise transferred to Defendants for collection.

15. In their efforts to collect the Debts, Defendants contacted Plaintiff by two letters ( "the Letters"), both dated August 15, 2018. (**Exhibit 1.**)

16. The statute of limitations for the Debts began to accrue in 2011.

17. The statute of limitations for the Debts ran in 2017.

18. The Letter were sent after the statute of limitation expired.

19. The Letters set forth a "Current Balance."

20. The Letters ask Plaintiff to contact Defendants to discuss the Debts.

21. Making any payment on a time-barred Debts may result in revival of Plaintiff's

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

otherwise time-barred Debts.

22. 22 N.Y.C.R.R. § 1.3 requires debt collectors to notify consumers that 1) the debt collector believes that the statute of limitations applicable to the debt may be expired; 2) suing on a debt for which the statute of limitations has expired is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.; 3) if the consumer is sued on a debt for which the statute of limitations has expired, the consumer may be able to stop the lawsuit by responding to the court that the statute of limitations has expired; 4) the consumer is not required to provide the debt collector with an admission, affirmation, or acknowledgment of the debt, a promise to pay the debt, or a waiver of the statute of limitations; and 5) if the consumer makes any payment on a debt for which the statute of limitations has expired or admits, affirms, acknowledges, or promises to pay such debt, the statute of limitations may restart.

23. Notwithstanding the expiration of the statute of limitations to sue to recover the Debts prior to the time Defendants sent Plaintiff the Letters, the Letters fail to provide any indication to Plaintiff that no legal action could be undertaken to attempt to recover the Debts.

24. Notwithstanding the expiration of the statute of limitations to sue to recover the Debts prior to the time Defendants sent Plaintiff the Letters, the Letters fail to inform Plaintiff that any partial payment by Plaintiff may result in the revival of Plaintiff's otherwise time-barred Debts.

25. Notwithstanding the expiration of the statute of limitations to sue to recover the Debts prior to the time Defendants sent Plaintiff the Letters, the Letters fail to provide the notifications required by 22 N.Y.C.R.R. § 1.3.

26. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

27. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

28. As a result of the omissions set forth above, the Letters would mislead the least sophisticated consumer to believe that the time-barred Debts are legally enforceable; and therefore, Defendants violated 15 U.S.C. § 1692e(2)(A).

29. As a result of the omissions set forth above, the Letters would mislead the least sophisticated consumer to believe that making a partial payment would not revive the otherwise time-barred Debts; and therefore, Defendants violated 15 U.S.C. § 1692e.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

30. For the foregoing reasons, Defendants violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692e(10).

## CLASS ALLEGATIONS

31. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendants attempted to collect a time-barred consumer debt without communicating the disclosures required by 22 N.Y.C.R.R. § 1.3, from one year before the date of this Complaint to the present.

32. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

33. Defendants regularly engage in debt collection.

34. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent time-barred consumer debts without communicating the disclosures required by 22 N.Y.C.R.R. § 1.3.

35. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

36. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

Plaintiff will fairly and adequately protect and represent the interests of the Class. The

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

37. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c. Find that Defendants' actions violate the FDCPA; and

d. Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiff's costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: October 31, 2018

**BARSHAY SANDERS, PLLC**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 116431